IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LASHAWN COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1365-SMY-RJD |
| | ) | |
| TRANS UNION, LLC and BANK OF MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion to Vacate the Clerk's Entry of Default and For Time to Answer or Otherwise Respond to Plaintiff's Complaint (Doc. 29) filed by Defendant Bank of Missouri. Plaintiff did not file a Response.

FEDERAL RULE OF CIVIL PROCEDURE 55(c) provides that "[f]or good cause shown the court may set aside an entry of default ..." "In order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc*., 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 630-31 (7th Cir. 2009). The Court finds Defendant has shown good cause to set aside entry of default.

Accordingly, Defendant Bank of Missouri's Motion (Doc. 29) is **GRANTED**, the Clerk's entry of Default (Doc. 20) is **VACATED**, and Defendant Bank of Missouri is **GRANTED** 14 days from the date of this Order to answer, or otherwise respond to Plaintiff's Complaint.

**IT IS SO ORDERED.**

**DATED:** March 20, 2019

                *s/ Reona J. Daly*
                **Hon. Reona J. Daly**
                **United States Magistrate Judge**